4/17/2019 1:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32865377
By: Nelson Cuero
Filed: 4/17/2019 1:37 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN LEDWIG | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| M & C OILFIELD SERVICES INC., | § | |
| MUDD CONSTRUCTION, L.L.C. f/k/a | § | |
| M & C OILFIELD SERVICES, LLC, AND | § | |
| KENNETH CONSTANCE | § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE**

COMES NOW, JOHN LEDWIG, hereinafter referred to as Plaintiff, complaining of M & C OILFIELD SERVICES, INC., MUDD CONSTRUCTION, L.L.C. f/k/a M & C OILFIELD SERVICES, LLC, and KENNETH CONSTANCE, Defendants herein, and for causes of action sets forth his Original Petition, Request for Disclosure, and Rule 193.7 Notice, and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1 Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff would respectfully designate this as a Level 3 case.

### II. PARTIES

2.1 Plaintiff JOHN LEDWIG is an individual residing at 5943 Shadow Creek, Baytown, TX 77523. Pursuant to TEX. CIV. PRAC. & REM. CODE §30.014(a), the Court and parties are hereby advised that the last three digits of Plaintiff JOHN LEDWIG'S driver's license number are 500. The last three digits of Plaintiff JOHN LEDWIG'S Social Security number are 348.

2.2 Defendant M & C OILFIELD SERVICES, INC. is a Louisiana corporation which has engaged in business in the State of Texas but does not maintain an agent for service of process in the State of Texas. Service may be obtained by delivering duplicate copies of the citation

1

**EXHIBIT "A"**

to the Texas Secretary of State at 1019 Brazos, Room 105, Austin, Texas 78701, which may perfect service on M & C OILFIELD SERVICES, INC. by mailing, in accordance with its procedure, and/or delivering a copies of this petition to M & C OILFIELD SERVICES, INC.'S office for service of process at 5121 Highway 90 East, Lake Charles, LA 70615.

2.3   Defendant MUDD CONSTRUCTION, L.L.C. f/k/a M & C Oilfield Services, LLC is a Louisiana company which has engaged in business in the State of Texas and has designated CT Corporation System to be its agent for process in the State of Texas.  Defendant MUDD CONSTRUCTION, L.L.C. may be served by serving its agent of process, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

2.4   Defendant, KENNETH CONSTANCE, is an individual who is a nonresident of Texas, and whose home is located at 104 Elaine Lane, Lake Charles, LA 70607.  He may be served with process by serving the Chairman of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas 78701.  The Chairman of the Texas Transportation Commission is Defendant's agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas.

### III. JURISDICTION AND VENUE

3.1   This Court has subject-matter jurisdiction in this cause since the damages sought by Plaintiff exceed any minimum jurisdictional limits of this Court.

3.2   Moreover, this action arises from an automobile wreck, and this Court has subject-matter jurisdiction over this type of action.

3.3   This Court has personal jurisdiction over non-resident Defendants M & C OILFIELD SERVICES, INC., MUDD CONSTRUCTION, L.L.C. f/k/a M & C OILFIELD SERVICES, LLC, AND KENNETH CONSTANCE because Defendants committed a tort, in whole or in part in Texas, which tort is the subject of this suit.

3.4     Moreover, this Court has personal jurisdiction over non-resident Defendants M & C OILFIELD SERVICES, INC., MUDD CONSTRUCTION, L.L.C. f/k/a M & C OILFIELD SERVICES, LLC and KENNETH CONSTANCE, because these Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by transporting goods over the roads of this State for commercial gain at the time of the collision made the basis of this suit.

3.5     Venue is proper in Harris County, Texas, since all or a substantial part of the events or omissions that give rise to the claim occurred in Harris County, Texas.

## IV. <u>FACTS</u>

4.1     It has become necessary to bring this lawsuit as a result of a motor vehicle collision which occurred on September 8, 2017.  At the time of the occurrence in question, KENNETH CONSTANCE was driving a truck and trailer in behalf of M & C OILFIELD SERVICES, INC. and MUDD CONSTRUCTION, L.L.C f/k/a M & C OILFIELD SERVICES, LLC.

4.2     KENNETH CONSTANCE was northeast in the inside lane of the 3900 block of Massey Tompkins Road, Baytown, Harris County, Texas.

4.3     Plaintiff JOHN LEDWIG was northeast bound in the 3900 block of Massey Tompkins Road, but in the outside lane.

4.4     JOHN LEDWIG slowed for traffic.

4.5     KENNETH CONSTANCE caused the trailer that he was towing to crash into JOHN LEDWIG'S vehicle.

4.6     As a result of the incident, JOHN LEDWIG was injured.

## V. <u>CAUSES OF ACTION AGAINST KENNETH CONSTANCE BASED IN NEGLIGENCE</u>

5.1     At the time of the occurrence in question, Defendant, KENNETH CONSTANCE, was guilty of the following acts of negligence, each of which is a separate act of negligence and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting

losses, suffering, and damages hereinafter alleged:

    a.    Failing to maintain a safe lookout;

    b.    Failing to pay attention to the traffic around him;

    c.    Failing to take proper evasive action in a timely manner to avoid the collision in question;

    d.    Failing to provide adequate warning of the impending impact;

    e.    Colliding with the vehicle in which JOHN LEDWIG was traveling;

    f.    Failing to operate his motor vehicle with ordinary care as a reasonable and prudent truck driver would have under the same or similar circumstances;

    g.    Failing to maintain an assured clear distance, as that term is understood;

    h.    Failing to maintain a proper speed for the circumstances;

    i.    Failing to maintain proper space management;

    j.    Failing to make a proper turn;

    k.    Failing to maintain the truck and trailer in a single marked lane; and

    l.    Violating Texas Transportation Code Chapter 545;

5.2    Each and all of the above and foregoing acts, both omission and commission, whether taken together or separately, are considered negligence, as that term is understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

## VI. CAUSES OF ACTION AGAINST M&C OILFIELD SERVICES, INC. AND MUDD CONSTRUCTION, L.L.C. f/k/a M&C OILFIELD SERVICES, LLC BASED IN AGENCY AND/OR SPECIAL RELATIONSHIP

6.1    At the time and place of the occurrence in question, Defendant KENNETH CONSTANCE was operating the truck and trailer while in the course and scope of his employment for M & C OILFIELD SERVICES, INC., and/or MUDD CONSTRUCTION, L.L.C. f/k/a M & C OILFIELD SERVICES, LLC.

4

6.2   Accordingly, M & C OILFIELD SERVICES, INC., and/or MUDD CONSTRUCTION, L.L.C. f/k/a M & C OILFIELD SERVICES, LLC are liable herein for the acts and omissions of KENNETH CONSTNACE under the doctrine of *respondeat superior*.

6.3   Moreover, pursuant to federal law, as a motor carrier, M & C OILFIELD SERVICES, INC., and/or MUDD CONSTRUCTION, LLC f/k/a M & C OILFIELD SERVICES, LLC are directly and statutorily liable for the negligent acts and/or omissions of its drivers.

## VII. CAUSES OF ACTION AGAINST M&C OILFIELD SERVICES, INC., AND MUDD CONSTRUCTION, L.L.C. f/k/a M&C OILFIELD SERVICES, LLC BASED IN NEGLIGENCE

7.1   Defendants M & C OILFIELD SERVICES, INC., and/or MUDD CONSTRUCTION, L.L.C., f/k/a M & C OILFIELD SERVICES, LLC. are also directly and independently liable for their own acts and/or omissions of negligence, each of which is a separate act of negligence and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged:

   a. Negligently entrusting the commercial motor vehicle to KENNETH CONSTANCE;

   b. Negligently hiring, training, monitoring, supervising and retaining KENNETH CONSTANCE; and

   c. Failing to act as a reasonable and prudent motor carrier would have acted under same or similar circumstances.

7.2   Each and all of the above and foregoing acts, both omission and commission, whether taken together or separately, are considered negligence, as that term is understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

## VIII. JOINT AND SEVERAL LIABILITY

8.1   All of these Defendants were negligent. The negligent acts and omissions of these Defendants joined to produce an indivisible injury. Accordingly, the Defendants are

jointly and severally liable for any and all damages resulting from the occurrence in question.

## IX. DAMAGES

9.1     As a result of the occurrence in question, JOHN LEDWIG suffered injuries to his neck, shoulders, back, head and body in general.  Plaintiff has sustained actual damages and seeks compensation for said actual damages.  Said injuries have caused physical pain and mental anguish in the past and will likely cause physical pain and mental anguish in the future; said injuries have caused physical impairment in the past and will likely cause physical impairment in the future; and said injuries have required medical care in the past and will likely require medical care in the future.  Furthermore, these injuries have caused JOHN LEDWIG to sustain past and future loss of earning capacity.

9.2     Moreover, in the event that Plaintiff JOHN LEDWIG had a pre-existing condition or a predisposition to injury, if any, then any such condition was made worse or aggravated by the occurrence in question and thereby proximately caused the injuries and/or damages which he now suffers and are herein described.

9.3     Accordingly, JOHN LEDWIG advances his claim for the following:  (1) past and future physical pain and mental anguish; (2) past and future loss of earning capacity; (3) past and future physical impairment; and (4) reasonable and necessary medical expenses incurred in the past and reasonable and necessary medical expenses likely to be incurred in the future.

9.4     At the time of the occurrence in question, JOHN LEDWIG was 56 years of age and had a minimum life expectancy of an additional 24.9 years.  This life expectancy is in accordance with the United States Life Tables, 2015, Volume 67, Number 7, a certified copy of which will be offered by the Plaintiff as evidence in the trial of this cause.

9.5     For reasons previously set forth herein, the Plaintiff seeks any and all damages generally recognized at law for such actions.  Accordingly, Plaintiff seeks actual damages in an

amount which he entrusts to a Harris County jury and which the jury deems appropriate. As required by Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff would show that as a result of the occurrence in question, JOHN LEDWIG'S good health and/or life has been harmed in such a way that few can truly appreciate. Accordingly, JOHN LEDWIG seeks to restore the balance by and through the only thing available in our legal system, which is monetary compensation. Accordingly, pursuant to Rule 47(c)(5), Plaintiff pleads for monetary relief over $1,000,000.

9.6   Plaintiff further seeks pre-judgment interest and post-judgment interest at the maximum amount permitted by law.

## X. REQUEST FOR DISCLOSURE

10.1   Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests the Defendants, within fifty (50) days of the service of this Original Petition, to supply the information or material described in Rule 194.2 (a) – (l). The Defendants must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to TEXAS RULE OF CIVIL PROCEDURE 215.

## XI. RULE 193.7 NOTICE

11.1   Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives actual notice to the Defendants that any and all documents produced by Defendants may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff JOHN LEDWIG prays that he have judgment against the Defendants M & C OILFIELD SERVICES, INC., MUDD CONSTRUCTION,

L.L.C. f/k/a M & C OILFIELD SERVICES, LLC AND KENNETH CONSTANCE, jointly and severally; that he recover actual damages in accordance with his pleadings and proof; that he have pre-judgment and post-judgment interest at the maximum legal rate; that he recover his costs of Court; and that he have such other relief, both special and general, at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

THE LINEBAUGH LAW FIRM, P.C.

/s/ Joe K. Mitchell
JOE K. MITCHELL
SBN: 14212500
S. MONETTE PORTER
SBN: 24088241
1300 Rollingbrook, Suite 601
Baytown, Texas, 77521
(281) 422-0505
FAX (281) 422-2641
jmitchell@linebaughlaw.com
mporter@linebaughlaw.com
ATTORNEYS FOR PLAINTIFF